Nott, J.
The grounds on which leave to enter up the judgment in this case was refused, appear to be:
*479 1. Because the defendant was from intemperance incapable of doing business, at the time the confession was taken,
2. Because the confession was obtained by fraud.
3. Because the plaintiff’s demand arc e upon a bond and the confession of judgment was on a declaration on an insimul computassent.
The first is a ground to which the court will not lend a very ready ear. If people will voluntarily incapacitate themselves from doing their ordinary business they must take the consequences of their own imprudence.
They have no right to call upon this court to protect them from all the consequences of intemperance and folly.
If to be sure one man takes the advantage of another when in a state of intoxication to commit a fraud upon him, he will be entitled to relief from such fraud. But there is no direct charge of fraud in this case; and the affidavits to that point as well as those to the intoxication are so completely rebutted by the counter affidavits, as at least to neutralize that charge. The question then resolves itself into the simple ground of the declaration.
But the irregularity does not appear to me to be of such a nature as to vitiate the proceedings. These parties may probably have had exterior dealings. I observe among the papers accompanying the declaration a memorandum of a'balance for which the judgment is confessed, arising from various accounts and transactions. And although the demand of the defendant may have been on a bond, yet there may have been various payments and accounts, which when they came to account together, left that balance which the defendant promised topay, and for which he lias confessed a judgment. (2 Chitty 343, 2 Term. Rep. 479, Foster vs. Allanson. (a)
But certainly the defendant had a right to waive the irregularity if there was one, and he has done so by confessing* judgment.
Cien damn and Preston for the motion.
O'Mal contra.
It is not pretended that the claim is unfounded, or that the defendant has confessed judgment for more than is actually due. But besides, this is not the way to try the giver questions which are now submitted to the court. It does not appeal- at whose instance the application is made. If at the instance of the creditors, they have also a more ample remedy, if there is any fraud in the transaction.
The order of the court below is therefore reversed, and the clerk of the court is directed to record the judgment as of the date of the confession.

.) J Sec the case of Ashbrooke vs. Snape, Cro Eliz. 240.